UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

IN RE:                                                       CASE NO. 18-60221
Chapter 7

SONYA KAY MITCHELL

DEBTOR

JAMES R. WESTENHOEFER
Trustee for Bankruptcy Estate
of SONYA KAY MITCHELL                            PLAINTIFF

vs.                                                    ADVERSARY NO. _____

**COMPLAINT**

MANAGING OFFICER OR GENERAL AGENT
AQUA FINANCE CONNEXUS CREDIT UNION
One Corporate Drive, Suite 300
Wausau, WI 54401

        Serve:    Managing Officer or General Agent
                     Aqua Finance Connexus Credit Union
                     One Corporate Drive, Suite 300
                     Wausau, WI 54401

and

SONYA KAY MITCHELL
22 Oakland Drive
Corbin, Ky 40701

and

ROBERT MITCHELL
429 Salt Lick Road
Corbin, Ky 40701                                                                  DEFENDANTS

\* \* \*  \* \* \*  \* \* \*

       Comes now, plaintiff, James R. Westenhoefer, Trustee for the bankruptcy estate of debtor

SONYA KAY MITCHELL, by counsel, and for his complaint herein against the defendant, AQUA

FINANCE CONNEUXS CREDIT UNION (hereinafter "AQUA"), and against the debtor/defendant, SONYA KAY MITCHELL and defendant, ROBERT MITCHELL, states as follows:

1. That James R. Westenhoefer is the duly qualified and acting Trustee of the bankruptcy estate of debtor, SONYA KAY MITCHELL having been appointed March 1, 2018.

2. That this is an adversary proceeding bought pursuant to Bankruptcy Rule 7001 and 11 U.S.C. Sections 544, 547, 550 and 551.

3. That this Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Section 1334. This adversary complaint relates to a case under Chapter 7 of the Bankruptcy Code, which was commenced by voluntary petition for relief under Chapter 7 filed by the debtor, SONYA KAY MITCHELL, on February 28, 2018, being Case No. 18-60221, and constitutes a "core" proceeding under 28 U.S.C. Section 157 (b)(2)(k). Pursuant to bankruptcy Rules 7008 and 9027(a) of the Federal Rules of Bankruptcy Procedure, the Plaintiff does consent to entry of final orders or judgment by the Bankruptcy Court. The name and number of the case and division where the case is pending are set forth in the caption outlined above.

4. That prior to commencement of this case, in June, 2016, debtor SONYA KAY MITCHELL and defendant, ROBERT MITCHELL borrowed funds from defendant, AQUA, to purchase a 2017 Starcraft Travel Trailer, VIN: 1SABSOBP8H28D5136.

5. That at all times relevant, the debtor, SONYA KAY MITCHELL and defendant, ROBERT MITCHELL were residents of 22 Oakland Drive, Corbin, Knox County, Kentucky (Collectively, Plaintiff's Exhibit A)

6. That for reasons unknown to plaintiff, the title lien of AQUA as reflected on the certificate of title shows a lien recorded in Whitley County, Kentucky. (Plaintiff's Exhibit B).

7. That the plaintiff is informed and believes, and therefore alleges, that the security interest claimed by defendant, AQUA is unperfected in that the defendant, AQUA did not cause an indication of its security interest to be placed upon the certificate of title in the records of the county clerk for the county where the debtor, SONYA KAY MITCHELL and defendant, ROBERT MITCHELL, reside.

8. That said unperfected security interest of defendant, AQUA is void as to plaintiff by virtue of 11 U.S.C. Section 544. (Plaintiff's Exhibit C).

9. That the aforesaid 2017 Starcraft Travel Trailer has a reasonable fair market value of Twelve Thousand Dollars ($12,000.00).

WHEREFORE, plaintiff prays:

1. That this Court make its order declaring void the security interest granted by the debtor, SONYA KAY MITCHELL to the defendant, AQUA, and decreeing that said defendant has no lien upon, nor security interest in, the above-described 2017 Starcraft Travel Trailer, VIN: 1SABSOBP8H28D5136.

2 That the debtor/defendant, SONYA KAY MITCHELL, assert whatever claims or defenses she may have in the above transactions.

3. That defendant, ROBERT MITCHELL, assert whatever claims or defenses he may have in the above transactions.

4. That the Court order the sale of said 2017 Starcraft Travel Trailer and the distribution of proceeds thereof in the order and priority as permitted by law.

5. That the plaintiff have all other orders and relief to which he may appear entitled.

6. For plaintiff's costs herein expended.

>/s/ James R. Westenhoefer
> JAMES R. WESTENHOEFER
> ATTORNEY FOR TRUSTEE
> 212 South Third Street
> Richmond, KY  40475
> Telephone: 859/624-0145

KNOX COUNTY
D382    PG 191

# WARRANTY DEED

This Deed of Conveyance, made and entered into this 9th day of April, 2010, between **MICHAEL N. MITCHELL and wife, ELISHA K. MITCHELL**, having an address of 429 Salt Lick Road, Corbin, Kentucky 40701, grantors, and **ROBERT RAY MITCHELL and wife, SONYA KAY MITCHELL**, having an address of 22 Oakland Drive, Corbin, Kentucky 40701, grantees.

WITNESSETH: That said grantors, for and in consideration of the love and affection of grantors for their son and daughter-in-law, do hereby sell and convey to grantees, for their joint lives with the remainder in fee simple to the survivor of them, his or her heirs and assigns, the following described property, to-wit:

A certain tract or parcel of land lying in Knox County, Kentucky, and being a part of the land conveyed to the first parties by James Madison Ohler and wife, Sharon Ohler, by deed dated July 26, 1996, and of record in Deed Book 290, Page 45, Knox County Court Clerk's Office. For further source of title, see the Deed from Elisha K. Mitchell to Michael N. Mitchell of record in Deed Book 375, Page 239, and being more particularly bounded and described as follows:

> Being Lot No. 1 of Autumn Oaks Subdivision, a map or plat of which is of record in Plat Cabinet 2, Slide 2, to which map or plat reference is hereby made for a more complete description of said lot. Building on said lot is subject to the restrictions, easements and set-back lines of record at Plat Cabinet 2, Slide 2, Knox County Court Clerk's Office.



EXHIBIT A

KNOX COUNTY
D382   PG 192

To have and to hold the same together with all the rights, privileges, buildings, improvements, hereditaments and appurtenances thereunto belonging unto the grantees, for their joint lives with the remainder in fee simple to the survivor of them, his or her heirs and assigns forever. And the said grantors hereby covenant with the grantees that they will warrant the title to the property hereby conveyed unto the said grantees and their heirs and assigns forever.

Pursuant to KRS 132.135, the in-care-of address to which the property tax bill for the year in which this transfer occurred is 429 Salt Lick Rd, Corbin, KY 40701.

In testimony whereof, the grantors have hereunto subscribed their names the day and year aforesaid.

_____   _____
MICHAEL N. MITCHELL             ELISHA K. MITCHELL

### CONSIDERATION CERTIFICATE

The parties hereto state that no monetary consideration was exchanged between the parties hereto and that the estimated fair market value of the property herein conveyed is $ 15,000 00/100. The grantee joins this deed for the sole purpose of certifying the consideration pursuant to Kentucky Revised Statutes.

_____   _____
MICHAEL N. MITCHELL             ELISHA K. MITCHELL

_____   _____
ROBERT RAY MITCHELL             SONYA KAY MITCHELL

KNOX COUNTY
D382    PG 193

STATE OF KENTUCKY

COUNTY OF __Knox__

The foregoing Deed and Consideration Certificate was signed and acknowledged before me by Michael N. Mitchell and Elisha K. Mitchell, grantors.

Given under my hand this __09__ day of __April__, 2010.

_Evajane Cox_
NOTARY PUBLIC
My Commission expires: __9-12-12__

STATE OF KENTUCKY

COUNTY OF __Knox__

The foregoing Consideration Certificate was signed and acknowledged before me by Robert Ray Mitchell and Sonya Kay Mitchell, grantees.

Given under my hand this __09__ day of __April__, 2010.

_Evajane Cox_
NOTARY PUBLIC
My Commission expires: __9-12-12__

THIS INSTRUMENT PREPARED WITHOUT
BENEFIT OF A TITLE SEARCH BY:

_[signature]_
Attorney at Law
HAMMONS & BRITTAIN
P. O. Box 1388
Corbin, Kentucky 40702
(606) 528-5252

DOCUMENT NO:   148585
RECORDED ON: APRIL 09, 2010 12:15:21PM
TOTAL FEES:    $17.00
COUNTY CLERK:  MIKE COREY
COUNTY:        KNOX COUNTY CLERK
DEPUTY CLERK:  KIM MILLS
BOOK D382      PAGES 191 - 193

Case 18-60221-grs   Doc 9   Filed 03/26/18   Entered 03/26/18 09:26:30   Desc Main
Case 18-60221-grs   Doc 1   Filed 02/28/18   Entered 02/28/18 08:14:57   Desc Main
                           Document      Page 2 of 49

Debtor 1   Sonya Kay Mitchell _____   Case number *(if known)* _____

|  | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|

| 4. | Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years | ■ I have not used any business name or EINs. | ☐ I have not used any business name or EINs. |
|---|---|---|---|
|  | Include trade names and *doing business as* names | Business name(s) _____ | Business name(s) _____ |
|  |  | EINs _____ | EINs _____ |

| 5. | Where you live | **22 Oakland Drive** <br> **Corbin, KY 40701** <br> Number, Street, City, State & ZIP Code | **If Debtor 2 lives at a different address:** <br><br> _____ <br> Number, Street, City, State & ZIP Code |
|---|---|---|---|
|  |  | **Knox** <br> County | _____ <br> County |
|  |  | If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address. | If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address. |
|  |  | _____ <br> Number, P.O. Box, Street, City, State & ZIP Code | _____ <br> Number, P.O. Box, Street, City, State & ZIP Code |

| 6. | Why you are choosing *this district* to file for bankruptcy | *Check one:* <br> ■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district. <br><br> ☐ I have another reason. <br> Explain. (See 28 U.S.C. § 1408.) | *Check one:* <br> ☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district. <br><br> ☐ I have another reason. <br> Explain. (See 28 U.S.C. § 1408.) |
|---|---|---|---|

# COMMONWEALTH OF KENTUCKY
## TRANSPORTATION CABINET
## CERTIFICATE OF TITLE

| TITLE NO. | YEAR | MAKE | MODEL NAME | VIN/HIN | TITLE TYPE | MODEL NO. |
|---|---|---|---|---|---|---|
| 161811180031 | 17 | STAR | STARCRA | 1SABS0BP8H28D5136 | ORIGINAL | |
| BODY TYPE | COLOR | NO. CYL | ODOMETER | MOTOR NO. | WEIGHT | PREV. TITLE NO./STATE |
| TV | TAN | 00 | 0 | | 6 | |
| KY NO. | BOAT TYPE | LENGTH | BEAM | CAPACITY | HULL MATERIAL | PROPULSION |

**OWNER(S) NAME**

T10
MITCHELL, ROBERT R OR
22 OAKLAND DR
CORBIN KY 40701-6342
MITCHELL, SONYA K

**DATE OF ISSUE:** 07/12/16

**FUEL:**

**USAGE TAX PAID:** 0.00

**REMARKS**

**BRAND(S)**

**FIRST LIENHOLDER**
AQUA FIN CONN CRD U
PO BOX 8026
WAUSAU
WI 54402-8026

| Notation No. | FIRST LIEN | County |
|---|---|---|
| 1602515 | | WHIT |
| Filing Date | 06-30-16 | |
| Released By: | | |
| County Clerk's use Only | | Date |

| Notation No. | SECOND LIEN | County |
|---|---|---|
| Filing Date | | |
| Released By: | | |
| County Clerk's use Only | | Date |

**SECOND LIENHOLDER**

EXHIBIT B

I certify that the Department of Vehicle Regulation has exercised due diligence in examining an application for a certificate of title for the above-described vehicle and to the best of our knowledge and belief the applicant whose name appears above is the lawful owner of the apparently legitimate vehicle described herein.

Commissioner, Department of Vehicle Regulation    (STATE SEAL)    **CONTROL NO.** C23746582

49 USC SEC. 32705 AND KRS 190.300 REQUIRE THAT YOU STATE THE VEHICLE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE, OR PROVIDING FALSE STATEMENT, MAY RESULT IN PENALTIES.

### FIRST DEALER ASSIGNMENT

The undersigned owner hereby certifies that the vehicle described in this title has been transferred to the following (print name and address of transferee):

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked.

******CAUTION READ CAREFULLY BEFORE YOU CHECK A BLOCK****

Odometer Reading _____ (no tenths)
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING-ODOMETER DISCREPANCY

Transferor(s) Signature(s) _____ (Seller) To be notarized    Transferee(s) Signature(s) _____ (Owner)
Transferor(s) Printed Name(s) _____ (Seller)    Transferee(s) Printed Name(s) _____ (Owner)
Date of Transfer _____ Seller Dealer No. _____    Purchasing Dealer No. _____
Attesting Official _____ Title _____
Subscribed and sworn before me this _____ day of _____ 20___ My commission expires _____ NOTARY PUBLIC

### SECOND DEALER ASSIGNMENT

The undersigned owner hereby certifies that the vehicle described in this title has been transferred to the following (print name and address of transferee):

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked.

******CAUTION READ CAREFULLY BEFORE YOU CHECK A BLOCK****

Odometer Reading _____ (no tenths)
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING-ODOMETER DISCREPANCY

Transferor(s) Signature(s) _____ (Seller) To be notarized    Transferee(s) Signature(s) _____ (Owner)
Transferor(s) Printed Name(s) _____ (Seller)    Transferee(s) Printed Name(s) _____ (Owner)
Date of Transfer _____ Seller Dealer No. _____    Purchasing Dealer No. _____
Attesting Official _____ Title _____
Subscribed and sworn before me this _____ day of _____ 20___ My commission expires _____ NOTARY PUBLIC

TC 96-180 REV. 12/09

DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS, OR MUTILATIONS. MUST BE COMPLETED IN BLUE OR BLACK INK. 49 USC SEC. 32705 AND KRS 190.300 REQUIRE THAT YOU STATE THE VEHICLE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE, OR PROVIDING FALSE STATEMENT, MAY RESULT IN PENALTIES.

**DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS**

Case 18-60221-grs    Doc 9    Filed 03/26/18    Entered 03/26/18 09:26:30    Desc Main
Case 18-06003-grs    Doc 1    Filed 02/20/18    Entered 02/20/18 11:13:13    Desc Main
Case 17-61360-grs    Doc 10   Filed 10/18/17    Entered 10/18/17 14:32:59    Desc Main
                              Document      Page 16 of 17

§ 544                           TITLE 11—BANKRUPTCY                         Page 160

Subsec. (b)(2). Pub. L. 98-353, §458(b)(2), inserted ", product, offspring, rents, or profits" after "proceeds".

Subsec. (c)(1). Pub. L. 98-353, §458(c)(1), inserted "or proceeds, product, offspring, rents, or profits of such property" after "property".

Subsec. (c)(3). Pub. L. 98-353, §458(c)(2), inserted "that has been" before "approved".

Subsec. (d). Pub. L. 98-353, §458(d), designated existing provisions as par. (1) and added par. (2).

#### EFFECTIVE DATE OF 1994 AMENDMENT

Amendment by Pub. L. 103-394 effective Oct. 22, 1994, and not applicable with respect to cases commenced under this title before Oct. 22, 1994, see section 702 of Pub. L. 103-394, set out as a note under section 101 of this title.

#### EFFECTIVE DATE OF 1984 AMENDMENT

Amendment by Pub. L. 98-353 effective with respect to cases filed 90 days after July 10, 1984, see section 552(a) of Pub. L. 98-353, set out as a note under section 101 of this title.

### § 544. Trustee as lien creditor and as successor to certain creditors and purchasers

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

(b)(1) Except as provided in paragraph (2), the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

(2) Paragraph (1) shall not apply to a transfer of a charitable contribution (as that term is defined in section 548(d)(3)) that is not covered under section 548(a)(1)(B), by reason of section 548(a)(2). Any claim by any person to recover a transferred contribution described in the preceding sentence under Federal or State law in a Federal or State court shall be preempted by the commencement of the case.

(Pub. L. 95-598, Nov. 6, 1978, 92 Stat. 2596; Pub. L. 98-353, title III, §459, July 10, 1984, 98 Stat. 377; Pub. L. 105-183, §3(b), June 19, 1998, 112 Stat. 518.)

#### HISTORICAL AND REVISION NOTES

##### LEGISLATIVE STATEMENTS

Section 544(a)(3) modifies similar provisions contained in the House bill and Senate amendment so as not to require a creditor to perform the impossible in order to perfect his interest. Both the lien creditor test in section 544(a)(1), and the bona fide purchaser test in section 544(a)(3) should not require a transferee to perfect a transfer against an entity with respect to which applicable law does not permit perfection. The avoiding powers under section 544(a)(1), (2), and (3) are new. In particular, section 544(a)(1) overrules *Pacific Finance Corp. v. Edwards*, 309 F.2d 224 (9th Cir. 1962), and *In re Federals, Inc.*, 553 F.2d 509 (6th Cir. 1977), insofar as those cases held that the trustee did not have the status of a creditor who extended credit immediately prior to the commencement of the case.

The House amendment deletes section 544(c) of the House bill.

##### SENATE REPORT NO. 95-989

Subsection (a) is the "strong arm clause" of current law, now found in Bankruptcy Act §70c [section 110(c) of former title 11]. It gives the trustee the rights of a creditor on a simple contract with a judicial lien on the property of the debtor as of the date of the petition; of a creditor with a writ of execution against the property of the debtor unsatisfied as of the date of the petition; and a bona fide purchaser of the real property of the debtor as of the date of the petition. "Simple contract" as used here is derived from Bankruptcy Act §60a(4) [section 96(a)(4) of former title 11]. The third status, that of a bona fide purchaser of real property, is new.

Subsection (b) is derived from current section 70e [section 110(e) of former title 11]. It gives the trustee the rights of actual unsecured creditors under applicable law to void transfers. It follows *Moore v. Bay*, 284 U.S. 4 (1931), and overrules those cases that hold section 70e gives the trustee the rights of secured creditors.

##### AMENDMENTS

**1998**—Subsec. (b). Pub. L. 105-183 designated existing provisions as par. (1), substituted "Except as provided in paragraph (2), the trustee" for "The trustee", and added par. (2).

**1984**—Subsec. (a)(1). Pub. L. 98-353, §459(1), inserted "such" after "obtained".

Subsec. (a)(2). Pub. L. 98-353, §459(2), substituted "; or" for "; and".

Subsec. (a)(3). Pub. L. 98-353, §459(3), inserted ", other than fixtures," after "property", and "and has perfected such transfer" after "purchaser" the second place it appeared.

#### EFFECTIVE DATE OF 1998 AMENDMENT

Pub. L. 105-183, §5, June 19, 1998, 112 Stat. 518, provided that: "This Act [amending this section and sections 546, 548, 707, and 1325 of this title and enacting provisions set out as notes under this section and section 101 of this title] and the amendments made by this Act shall apply to any case brought under an applicable provision of title 11, United States Code, that is pending or commenced on or after the date of enactment of this Act [June 19, 1998]."

#### EFFECTIVE DATE OF 1984 AMENDMENT

Amendment by Pub. L. 98-353 effective with respect to cases filed 90 days after July 10, 1984, see section 552(a) of Pub. L. 98-353, set out as a note under section 101 of this title.

#### CONSTRUCTION OF 1998 AMENDMENT

Pub. L. 105-183, §6, June 19, 1998, 112 Stat. 519, provided that: "Nothing in the amendments made by this Act [amending this section and sections 546, 548, 707, and 1325 of this title] is intended to limit the applica-


EXHIBIT C